UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In Re: Elizabeth R. Wieselman             Chapter 13

Debtor             Case No. 2019-20856-GMH

## RENEWED NOTICE OF MOTION AND MOTION FOR REFERAL TO MORTGAGE MODIFICATION MEDIATION PROGRAM

To: Home Point Corporation, and its successors, assigns and servicing agents (the "mortgage creditor"), please take notice:

The undersigned debtor (the "Debtor") requests an order referring the Debtors and the mortgage creditor, whose mortgage lien encumbers the Debtor's real property located at 325 E Armour Ave Milwaukee, WI 53207 (the "Property") to the Court's Mortgage Modification Mediation Program ("MMM Program"). **The mortgage creditor has 14 days from the date of service of this Motion to file a written objection.** If the mortgage creditor does not timely object, this Motion will be granted and the Court will enter an Order without a hearing.

By this Motion, the Debtor agrees and certifies as follows:

### Eligibility

1. The Debtor is the owner of the Property.
2. The Debtor has regular income.
3. The Debtor has an unpaid principal mortgage balance that is equal to or less than $729,750 (for a one-unit property).
4. The Debtor has a mortgage payment that is not affordable due to a financial hardship that can be documented.

## Participation Requirements

5. Prior to filing this motion, the Debtor's attorney completed the Debtor's information using the court-approved on-line program that facilitates the preparation of the Debtor's loan modification package ("Document Preparation Software") www.documods.com and has paid the required fee to the Document Preparation Software vendor.  The Debtor's initial loan modification forms have been generated and are ready for signature and submission.  The Debtor's attorney has collected all of the required supporting documentation as required by the Document Preparation Software and is prepared to submit the supporting documentation along with the modification forms.

6. Prior to filing this motion, the Debtor remitted to the Debtor's attorney the required non-refundable portal submission fee in the amount of $40.00 and the required non-refundable Document Preparation Software fee in the amount of $40.00 for a total of $80.00.

7. The Debtor will register with the approved Mortgage Modification Mediation Web Portal (the "Portal") (www.dclmwp.com) and will provide the mortgage creditor with the mortgage creditor's required loan modification documents (the "Documents") by filing the Documents via the Portal.[1]  The list of the required Documents will be posted by the mortgage creditor on the Portal, and the mortgage creditor will use the Portal to download the Documents.  The Debtor understands that the Documents may need to be updated, and agrees to use the Portal to provide current Documents upon the mortgage creditor's request.

8. Prior to filing this motion, the Debtor's attorney has determined that the mortgage creditor is registered with the Portal.

9. The Debtor agrees to make post-petition mortgage payments to the mortgage creditor of 31% of the Debtors' gross monthly income or 75% of the Debtor's current mortgage payment, whichever is less (the "Modified Mortgage Payment").

10. The first Modified Mortgage Payment will be due and must be received by the mortgage creditor no later than the next monthly scheduled due date (plus any grace period) after the filing of this Motion.  The only exception to this requirement is if the Debtors do not know the identity of the mortgage creditor at the time the payment is due; in that event the Debtor will make the Modified Mortgage Payment to the Debtor's attorney to be held in trust until the mortgage creditor is identified.

11. The Debtor will continue to make the Modified Mortgage Payments to the mortgage creditor each month in sufficient time to be received before the expiration of the grace period until the Mediation Program is concluded or an Order of the Court expressly states otherwise.

---

[1] Questions about filing or downloading the Documents on the Portal can be directed to DMM Support at 1-800-481-1013 or by email to support@defaultmitigation.com.

12. The Debtor will pay $200 (the "Mediation Fee") to the Mediator, no later than fourteen days after appointment of the Mediator. Mediators do not accept Debtor's personal checks for the Mediation Fee, and the Mediator is not required to perform any services until the fee is received. If the fee is not paid when due, the Mediator will issue a courtesy reminder to the Debtor and if the fee is not paid promptly, the Mediator will advise the Court and the Order Granting the Mortgage Modification Mediation will be vacated.

13. The Debtor agrees to appear and participate in good faith in the Mediation sessions. The Mediation Fee is nonrefundable even if the Debtor does not appear or does not agree with the outcome of the Mediation session.

### Agreed Modification of the Automatic Stay

The Debtor understands, agree and consent to a Court order modifying the automatic stay as follows:

14. To the extent necessary, the automatic stay is immediately modified as of the date of this Motion to permit the mortgage creditor to request information, evaluate and analyze the Debtor's financial situation, participate in the mortgage modification process and negotiate loan modification terms.

15. If the mortgage creditor does not receive any Modified Mortgage Payment by the due date, including any applicable grace period, the Debtor understands and agree that the mortgage creditor may file a Motion for Relief from Stay. If the mortgage creditor's Motion is granted by the Court, the mortgage creditor will be able to pursue any remedy against the mortgaged property available under the mortgage and applicable nonbankruptcy law, including foreclosure.

### Mediation Conclusion

16. The Debtor understands and agrees that the mediation sessions will conclude no later than 60 days after a mediator is selected. Unless the Debtor and the mortgage creditor agree in writing to extend the deadline, the mediator will issue a report to the Court within 7 days after the conclusion of the 60-day period. If neither a written extension nor the final report is filed within 75 days after a mediator is selected, the mediator's appointment will be terminated, and the MMM Program will be deemed concluded in this case.

17. If no report is filed or the report advises that no agreement was reached, the Debtor understands and agrees to file a modified feasible Chapter 13 plan to address the claim of the mortgage creditor and the Debtor's other creditors. Failure to file such a

modified plan within a reasonable period of time is cause for granting the mortgage creditor relief from the automatic stay and/or dismissal of the Debtor's Chapter 13 case.

### Successful Mortgage Modification

18. If a modification is agreed upon, the Debtor will cooperate in promptly formalizing any needed legal documents including the filing of a modified Chapter 13 plan, if appropriate.

19. The Debtor agrees that upon successful completion of the MMM Program and entry into a mortgage modification agreement, the Debtor will not voluntarily dismiss this Chapter 13 case for at least nine months. The Debtor may seek relief from this provision for good cause shown.

WHEREFORE, the Debtor requests that the Court enter an Order referring the Debtor and the mortgage creditor to the MMM Program.

Date: February 15, 2019          /s/_____
                                 Elizabeth R. Wieselman

AFFIDAVIT OF SERVICE

The Debtor's attorney certifies that on <u>February 15, 2019</u> a copy of this Notice and Motion was served by first class mail on the mortgage creditor and its counsel (if known) at the following addresses:

Elizabeth R. Wieselman
325 E Armour Ave
Milwaukee, WI 53207

Attn: William Newman, CEO and President
Home Point Financial Corporation
11511 Luna Rd Ste 300
Farmer's Branch, TX 75234